UNITED STATES BANKRUPTCY COURT
Eastern District of Virginia
Richmond Division

In re:

| | |
|---|---|
| KENNETH ALBERT SHEETS, | Case No. 12-31723-KLP |
| BRANDIE DARLENE SHEETS, | Chapter 7 |
| Debtors. | |

## MEMORANDUM OPINION AND ORDER

On September 3, 2014, a hearing was held on the "Motion for Expedited Hearing" and the "Motion for Damages for Violation of the Automatic Stay and to Quash State Court Civil Action" (the "Motion") filed by Debtors Kenneth A. and Brandie D. Sheets, seeking to bar the execution of a state court judgment and requesting an award of damages from Raymond Allen Tate ("Tate") for violating the automatic stay by his continued prosecution of a civil claim against the Debtors in the Spotsylvania County Virginia General District Court (the "State Court"). Debtor Brandie Sheets appeared at the hearing with counsel. Tate did not attend the hearing. After hearing the evidence and argument of counsel, the Court entered an order on September 5, 2014, granting the Debtors' request for an expedited hearing, finding that the automatic stay of 11 U.S.C. § 362(a)(1) bars the continued prosecution of the State Court civil action, ordering Tate to take no further action in violation of the automatic stay, and directing Tate to appear at a hearing on September 17, 2014, to show cause why he should not be found in contempt and sanctioned.

On September 17, 2014, the Court conducted a hearing on the Motion and on the order directing Tate to show cause why he should not be found in contempt and

sanctioned for his violation of the automatic stay. Tate appeared without counsel. Debtor Brandie Sheets attended the hearing with counsel. After considering the record, including the testimony, exhibits and argument, the Court renders the following findings of fact and conclusions of law.

### **Findings of Fact**

On March 19, 2012, the Debtors filed an order for relief under chapter 13 of the Bankruptcy Code. On March 26, 2014, Tate obtained a civil judgment for $24,517.20 against the Debtors in the State Court in connection with a post petition claim. On June 17, 2014, Tate filed a Summons to Answer Interrogatories (the "Summons") in the State Court pursuant to Va. Code § 8.01-506, which is the Virginia process for discovery in aid of execution on a judgment. The State Court scheduled a return date on the Summons for July 9, 2014, requiring the Debtors to appear before the court at that time to answer questions regarding their assets.

On July 8, 2014, the Debtors filed a document entitled "Debtors [sic] Conversion to Chapter 7" (the "Conversion Notice") whereby the Debtors sought entry of an order for relief under chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1307(a). The Debtors also filed a Schedule of Unpaid Debts listing outstanding debts incurred after the petition date, which included the debt owed to Tate. Neither of these documents was served on Tate. On July 11, 2014, a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, which included a written notice regarding the applicability of the automatic stay as to certain collection actions against the Debtors, was mailed by the Clerk's Office to Tate.

On July 8, after the Conversion Notice was filed, an employee of Debtors' counsel spoke to Tate on the telephone and notified him that the Conversion Notice had been filed. Tate requested that he be provided with written confirmation of the filing but acknowledged that he had no means by which he could receive written documents other than though regular mail.

On July 9, 2014, Tate appeared in the State Court for the hearing on the Summons. Neither of the Debtors appeared. Tate did not request the dismissal of the Summons, nor did he object when the State Court judge continued the hearing on the Summons to September 10, 2014, and issued a notice to show cause directing the Debtors to appear at that time to show cause why they should not be held in contempt due to their failure to appear for the hearing on July 9.

On August 25, 2014, counsel for the Debtors spoke to Tate on the telephone and advised that if Tate did not dismiss or withdraw the Summons in the next twenty-four hours, counsel would seek relief in the U.S. Bankruptcy Court on behalf of Debtors. Tate did not agree to withdraw the Summons and indicated that he would seek legal advice before deciding how to proceed. Having not heard from Tate by August 27, counsel for the Debtors filed the Motion and scheduled an expedited hearing for September 3, 2014. Notice of the hearing on the Motion was mailed to Tate, but no other notice of the hearing was given. Tate did not receive actual notice of the hearing until after the hearing had been concluded.

On August 27, 2014, Tate hand delivered a letter to the Clerk of the State Court, addressed to the judge, requesting that his case be withdrawn. Tate did not forward a copy of the letter to the Debtors or their bankruptcy counsel, nor did he

3

advise them that he had delivered it to the State Court judge. When counsel for the Debtors appeared in this Court on the Motion on September 3, 2014, he was unaware that Tate had requested the withdrawal of the Summons.

On September 8, 2014, counsel for the Debtors sent a letter to the State Court, which included a copy of this Court's Order of September 5, 2014. Debtors' counsel requested the dismissal of all pending actions being pursued by Tate against the Debtors.

On September 10, 2014, the Debtors appeared before the State Court judge, who admonished them for failing to appear in his court on July 9, 2014, as ordered. The judge then dismissed the show cause and stayed any further proceedings.

At the hearing before this Court on September 17, 2014, the Debtors requested damages against Tate for the willful violation of the automatic stay as follows: $627.48, representing 18 hours of lost income for Mrs. Sheets due to her having had to appear twice in this Court and once in the State Court; $75.00, representing 3 hours of lost income for Mr. Sheets due to his having had to appear once in the State Court; and $3,720.50, representing attorneys' fees incurred by the Debtors from August 25, 2014, through September 17, 2014, as a result of Tate's stay violation.

## Conclusions of Law

The conversion of a bankruptcy case from one chapter to a case under another chapter constitutes an order for relief under the chapter to which the case is converted. 11 U.S.C. § 348(a). A claim against a debtor that arises after the order for relief entered upon the petition date but before the conversion date in a case

4

that is converted under 11 U.S.C. § 1307 is treated as if the claim had arisen immediately before the date of the filing of the petition. 11 U.S.C. § 348(d). Therefore, the Debtors' conversion on July 8 generated an order for relief under chapter 7, and Tate's claim, which arose after the petition date and before the conversion date, became subject to the chapter 7 order for relief and the automatic stay provisions of 11 U.S.C. § 362(a).

Sections 362 (a)(1) and (2) bar the commencement or continuation of an action or proceeding, including the enforcement of a judgment, against the debtor to recover a claim that arose before the commencement of the bankruptcy case. An individual injured by a willful violation of § 362(a) is entitled to recover actual damages, including attorneys' fees and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(k).

In order to recover damages for violation of the automatic stay, the Debtors must establish that a violation occurred, that the violation was committed willfully, and that the violation caused actual damages. *Skillforce, Inc., v. Hafer*, 509 B.R. 523, 529 (E.D. Va. 2014). The Debtors must prove the willful violation of the automatic stay by clear and convincing evidence[1] and must prove damages by a preponderance of the evidence. *Id*. The Debtors contend that Tate willfully violated the automatic stay of § 362(a) by failing to immediately withdraw the Summons

---

[1] A majority of courts have held that the proper standard of evidence to be used in an action alleging a willful violation of the automatic stay is the preponderance of the evidence test. *See Johnson v. Smith (In re Johnson)*, 501 F. 3d 1163, 1169-71 (10th Cir. 2007) (citing *Grogan v. Garner*, 498 U.S. 279 (1991)). In applying a preponderance of the evidence standard in an action under 11 U.S.C. § 523(a), the Supreme Court in *Grogan v. Garner* stated that "[b]ecause the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless particularly important individual interests or rights are at stake." 498 U.S. at 286 (citation omitted).

5

scheduled for July 9, 2014, or take any action to prevent the hearing on the Summons. The Debtors further contend that Tate's violation of the automatic stay caused them to suffer damages including attorneys' fees.

Rule 1017(f)(3) of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 1017(f)(3), provides that a chapter 13 case is converted without court order when the debtor files a notice of conversion under § 1307(a). Therefore, the Debtors' conversion to chapter 7 took place upon the filing of the Conversion Notice on July 8, 2014. It was also on July 8 that the automatic stay became applicable.

On July 9, 2014, Tate appeared in the State Court in connection with the interrogatory hearings that he had commenced to assist him in the execution of the judgment he had previously obtained against the Debtors. At that time, he failed to take, or even attempt to take, any affirmative act to discontinue the proceedings. Subsequently, when asked by Debtors' counsel on August 25, 2014, to dismiss or withdraw the Summons, Tate initially refused, resulting in the need for Debtors' counsel to file the Motion in this Court. Tate's failure to dismiss or withdraw the Summons, or to take any steps to discontinue the proceedings in State Court prior to August 27, 2014, constituted a violation of the automatic stay. *Skillforce*, 509 B.R. at 532-33.

Tate received actual notice on July 8, 2014, and again on August 25, 2014, that the Debtors had filed the Conversion Notice and that a stay was in effect. Nevertheless, he failed to withdraw or cancel the Summons. In order to establish that a stay violation is willful, it is sufficient to show that the creditor knows of the pending bankruptcy and then intentionally commits an act in violation of the stay or

6

otherwise fails to act. *In re Seaton*, 462 B.R. 582, 592 (Bankr. E.D. Va. 2011) (citing *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292-93 (4th Cir. 1986)). A creditor has an affirmative duty to discontinue any proceeding it has initiated or to take steps to halt that proceeding if it exposes the debtor to harassment or coercion or otherwise inhibits the debtor's relief from creditor action. *Skillforce*, 509 B.R. at 531. The interrogatory hearings in State Court were an attempt to enforce Tate's judgment and exposed the Debtors to harassment and coercion. The Court is satisfied that the Debtors have established by clear and convincing evidence that Tate knew, by virtue of the telephone calls he received from the office of counsel for the Debtors, that the stay was in effect and that he willfully violated the automatic stay by failing to take steps to dismiss or discontinue the interrogatory proceedings prior to August 27, 2014.

Individuals injured by a willful violation of the automatic stay are entitled to recover actual damages, including costs and attorneys' fees. 11 U.S.C. § 362(k). The Debtors were injured by Tate's willful violation of the automatic stay; in particular, they incurred attorneys' fees as a direct consequence of Tate's actions, and Mrs. Sheets suffered a loss of income due to having to miss time from work to appear in Court.

The Debtors have submitted time records from their counsel for the period from August 25, 2014, through September 17, 2014, including 9.8 hours of attorney time for a total fee of $3,720.50. Hourly rates for the two attorneys involved in this matter range from $245 to $390 per hour. All but 2.2 hours of attorney time were spent from August 25 until September 9, 2014, in communications with Tate, the

7

clerk of the State Court, and the Debtors, and in preparing and proceeding with the Motion. Although Tate delivered a letter to the State Court on August 27 seeking to withdraw the Summons, he failed to so notify the Debtors, who were unaware of Tate's change in position. Consequently, the Debtors acted reasonably in filing the Motion and proceeding with the September 3, 2014, hearing and the Court finds that the related attorneys' fees were reasonable and necessary. Deducting the 2.2 hours, at the rate of $390 per hour, from the $3,720.50 total leaves $2,940.50 directly attributable to Tate's automatic stay violation.

The additional 2.2 hours of time submitted by Debtors' counsel, billed at the rate of $390 per hour, were incurred in connection with the proceedings that took place in this Court on September 17, 2014. The Court questions whether the hearing on September 17 would have been necessary had Tate been given advance notice of the September 3 hearing in sufficient time to make an appearance. Counsel for the Debtors made no attempt to give Tate verbal notice of the September 3 hearing despite having had no difficulty in reaching him by telephone on at least two prior occasions. By September 3, Tate had already delivered his request to the State Court that the Summons be withdrawn. It seems likely that the matter would have been concluded on September 3 had both parties been present in Court. Therefore, an award of attorneys' fees related to the September 17 hearing is inappropriate in light of the Debtors' breach of their duty to mitigate their stay violation damages. *See Skillforce*, 509 B.R. at 531.

A portion of the damages sought by the Debtors for lost income are attributable to their having appeared in State Court on the show cause proceedings

8

that took place on September 10, 2014.  This hearing took place despite Tate's earlier request that the Summons be withdrawn and this Court's order of September 5, 2014, prohibiting Tate from taking further action in violation of the automatic stay.  At the September 10 hearing, the State Court judge admonished the Debtors for failing to appear on July 9, 2014, but stayed any proceedings connected to the Summons and the underlying attempt to enforce Tate's judgment.

The Debtors have failed to establish by a preponderance of the evidence that their appearance at the September 10, 2014, hearing in State Court was caused by Tate's stay violation as opposed to the exercise of discretion on the part of the State Court judge to address potential criminal contempt.[2]  Therefore, the lost income attributable to the Debtors' appearance in State Court on September 10, 2014, shall not be included as a part of their damages.

Brandie Darlene Sheets appeared in this Court at the September 3, 2014, hearing on the Motion.  This appearance required that she take the day off from work and caused her to suffer a loss of income for that day.  The Court finds that Ms. Sheets lost eight hours of pay at the rate of $34.86 per hour for a total of $278.88 in lost income due to Tate's stay violation.  Ms. Sheets also appeared in Court on

---

[2] Under 11 U.S.C. § 362 (b)(1), the filing of a bankruptcy petition does not bar the commencement or continuation of a criminal proceeding against the debtor.  The order of the State Court judge was in the nature of a criminal contempt sanction, as it was intended to "vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct." *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 378 (4th Cir. 2004).  Other courts have found that civil contempt proceedings meant to "uphold the court's dignity. . . are outside the scope of the bankruptcy stay." *Wilson v. Abell (In re Abell)*, No. 13-13847-PM, 2013 WL 1788048, at *1 (Bankr. D. Md. April 26, 2013); *see also Yellow Express, LLC, v. Dingley (In re Dingley)*, 514 B.R. 591 (B.A.P. 9th Cir. 2014) ("The Ninth Circuit has created a bright-line rule on whether the automatic stay applies to state court contempt proceedings, whether they are based on nonpayment of a monetary sanction or some other behavior which violates a state court order: if the sanction order 'does not involve a determination [or collection] of the ultimate obligation of the bankrupt nor does it represent a ploy by a creditor to harass him' the automatic stay does not prevent the proceeding from going forward." (quoting *David v. Hooker, LTD*, 560 F.2d 412, 418 (9th Cir. 1977))).

September 17, 2014. The Court declines to award Ms. Sheets additional compensation for income lost on September 17 for the same reason the Court does not award attorneys' fees in connection with the September 17 hearing, that the hearing would likely have been unnecessary had Tate been given adequate notice of the September 3 hearing.

An award of punitive damages for a stay violation is allowable pursuant to 11 U.S.C. § 362(k)(1). At the hearing in this Court on September 17, the Debtors stated that they are not seeking punitive damages. In any event, an award of punitive damages requires the existence of "appropriate circumstances" which, in most cases, necessitates a finding that the creditor engaged in "egregious or vindictive misconduct." *Davis v. I.R.S.*, 136 B.R. 414, 424 (Bankr. E.D. Va. 1992). The Debtors have not established by a preponderance of the evidence that Tate's actions were so egregious as to justify such an award. For these reasons, the Court declines to award punitive damages to the Debtors.

## **Conclusion**

The Debtors have established by clear and convincing evidence that Tate violated the automatic stay of 11 U.S.C. § 362(a), that he committed the violation willfully, and that the violation caused actual damages. Having also established by a preponderance of the evidence that they incurred $2,940.50 in attorneys' fees, and that Ms. Tate lost income in the amount of $278.88, as a result of Tate's violation, it is

ORDERED that the Debtors shall have judgment against Raymond Allen Tate in the amount of $2,940.50; and, it is further

10

ORDERED that Brandie D. Sheets shall have judgment against Raymond Allen Tate in the amount of $278.88.

Dated: September 29, 2014                    /s/Keith L. Phillips
                                             United States Bankruptcy Judge

Copies to:

                                            Entered on Docket:  September 29, 2014

Mark C. Leffler
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230

Robert B. Van Arsdale
Office of the U S Trustee
701 East Broad Street, Suite 4303
Richmond, VA  23219

Sherman B. Lubman
P.O. Box 5757
Glen Allen, VA 23058-5757

Kenneth Albert Sheets
Brandie Darlene Sheets
10720 Plank Road
Spotsylvania, VA 22553

Raymond Allen Tate
7707 Old Robert E. Lee Drive
Spotsylvania, VA  22551